[No. 926.    August 28, 1902.]

SUSSMAN LEWINSON, Plaintiff in Error, v. THE FIRST NATIONAL BANK OF ALBUQUERQUE, Defendant in Error.

SYLLABUS.

1. Under Comp. Laws N. M., section 2943, providing that a judgment against a partnership may be enforced against the property of members who were parties to the action, "but a new action may be brought against the other members in the original cause of action," a judgment rendered against a partnership, in an action to which only one of the members was a party, will not form the basis of a suit against the other member; the proper proceeding being "a new action" on the original cause of action.

Error to the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Reversed and remanded.

W. B. CHILDERS for plaintiff in error.

The right to sue and recover a judgment against a copartnership as such is purely statutory.

> 15 Ency. Pl. and Pr., 842-3; Compiled Laws New Mexico 1897, secs. 2894, 2895 and 2943.

Even without a satisfaction, a judgment against one of two joint contractors is a bar to an action against the other.

> King v. Hoare, 13 Mee and W. 504; Robertson v. Smith, 18 Johns. (N. Y.) 477; Ward v. Johnson, 13 Mass. 149; Cowley v. Patch, 120 Id. 138; Mason v. Eldred et al., 6 Wall. 231.

But the rule is otherwise where the contract or obligation is joint and several.

> Sessions v. Johnson, 95 U. S. 347; U. S. v. Ames, 99 U. S. 46; U. S. v. Price's Ex., 9 Howard 91; 2 Black on Judgments, sec. 776.

A judgment against one partner is a bar to a subsequent suit against both.

> 2 Black on Judgments, sec. 775; Smith v. Black, 9 Ser. and Rawle 142, 11 Am. Dec. 691 and note; Mole v. Hollins, 11 Gill & Johnston 11, 33 Am. Dec. 684; Wann v. McNulty, 43 Am. Dec. (Ill.), 58, and note.

See also 11 Ency. of Pl. and Pr., 850-851 and notes; Leach v. Milburn Wagon Co., 15 N. W. (Neb.) 232; Bezell v. Belden, 31 Ohio St. 572; Fox v. Abbott, 12 Neb. 328, 11 N. W. 303.

If it be conceded that under our statute, Compiled Laws, sec. 2943, a new action may be brought against a member of the copartnership who has not been served with summons, or who has not appeared, it does not appear from any allegation in the complaint, that the plaintiff in error, Lewiston, was not served with the summons, or that he did not appear in the action. Neither is the suit brought in the language of the statute, in the original cause of action.

Compiled Laws, sec. 2943.

The demurrer does not admit conclusions of law or any fact not well pleaded.

U. S. v. Ames, 99 U. S. 46.

As to what is admitted by the demurrer, see full discussion in

U. S. v. Ames, supra; 6 Ency. of Pl. and Pr., 334-336 and notes.

Necessary averments of the complaint are the facts which section 2943 of the Compiled Laws provides shall authorize the maintenance of the suit. The general demurrer was good.

6 Ency. Pl. and Pr., 315 and 316.

Our code expressly authorizes a general demurrer under such conditions.

Compiled Laws, sec. 2685, subsec. 35, par. 6.

But the second ground of demurrer is specific, namely, that no action lies on the judgment alleged in the declaration. . Section 2943 of the Compiled Laws clearly states, that the action, if any, is on the original cause of action.

McMILLAN & RAYNOLDS for defendant in error.

The statutes of this Territory fully authorize a judgment against a partnership such as is the subject of the action in the court below.

Compiled Laws of 1897, sec. 2943.

A judgment against a partnership being a joint and several obligation of the members of the firm, it may be made the basis of a suit against one or more of the members of the firm.

Compiled Laws of 1897, secs. 2942 and 2946.

All authorities agree that the firm judgment establishes the individual liability of the members; the only open question being the identity of the members.

15 Ency. of Pl. and Pr., pp. 852 to 854 and cases cited.

## STATEMENT OF THE CASE.

This action was brought by the First National Bank of Albuquerque, against Sussman Lewinson, as a member of the firm of Lesser & Lewinson, to recover upon two judgments in the same action, one for $3,200.50, recovered by said bank against Lesser & Lewinson on the fourteenth day of April, 1898; and the other for $111.89, recovered on the twenty-ninth day of August, 1899, for costs on proceedings in error. It appears that no part of either of said judgments had been paid, except the sum of $23.35; and that Lewinson is the junior member of the firm of Lesser & Lewinson.

Plaintiff prays judgment against defendant Lewinson for the amount of said two judgments.

Defendant demurs, first, because the complaint does not state facts sufficient to constitute a cause of action; second, because the judgment sued upon does not constitute a cause of action against the defendant; third, because it appears upon the face of the complaint that the plaintiff has exhausted his remedy upon the original obligation and that it is merged in the judgment set up as a cause of action in this case; and, fourth, for other good and sufficient reasons appearing upon the face of the record.

On hearing, defendant's demurrer was overruled, and judgment rendered in favor of plaintiff and against defendant Sussman Lewinson for the sum of $3,605.56. Defendant thereupon sued out a writ of error from this court. The cause is now here for consideration.

## OPINION OF THE COURT.

McMILLAN, J.—The common-law rule of the liability of partners has been modified by statute in this Territory. The Compiled Laws of New Mexico, section 2943, provide as follows:

"Suits may be brought by or against a partnership as such, or against all or either of the individual members thereof; and a judgment against the firm as such may be enforced against the partnership's property, or that of such members as have appeared or been served with summons; but a new action may be brought against the other members in the original cause of action. When the action is against the partnership as such, service of summons on one of the members, personally, shall be sufficient service on the firm."

We infer that in the action brought by the bank against the copartnership, process was served on the defendant Lesser, although it dos not so appear as a fact alleged in the complaint in this action. The plaintiff had a right to prosecute his action in this manner, and the judgment recovered would be a lien upon and could be enforced against the partnership property and also against the property of the copartner Lesser. This action is to extend the lien of these judgments against the property of the copartner Lewinson by bringing suit upon the judgments and not upon the original cause of action. This can not be done. Under the statute the defendant Lewinson. is entitled to his day in court, to present any defense which he may have to the original cause of action. Indeed the statute specifically provides that "a new action may be brought against the other members in the original cause of action." In this action the defendant Lewinson could not present any defense to the original cause of action, and was left solely to present such questions in defense as might affect the jurisdiction of the court and the regularity of the proceedings in the action in which the two judgments in question were recovered. Under our statute the default of an insolvent partner, by which judgment is recovered against his firm, can not cut off the right of defense on the merits of his solvent copartner in an action against him upon any claim made against the copartnership whereby it is sought to extend the lien of such judg-

ment to the individual property of the solvent partner.

We are, therefore, of the opinion that the first and second grounds of demurrer are well taken, and should have been sustained.

The judgment is therefore reversed, and the cause remanded to the district court, Bernalillo county, to be there proceeded with according to law.

Mills, C. J., McFie, Parker and Baker, JJ., concur.