468 So.2d 344 (1985)
BRITTANY LTD., a California Limited Partnership, and Philip Stephen, Appellants,
v.
BRITTANY OF MICHIGAN, a Michigan Limited Partnership, Appellee.
No. AZ-177.
District Court of Appeal of Florida, First District.
April 15, 1985.
Rehearing Denied May 22, 1985.
R. Grable Stoutamire of Watts, Wilhelm & Stoutamire, Belleair; and Thomas W. Ruggles of Freeborn, Jennings & Ruggles, Dunedin, for appellants.
Henry L. Gray, Jr., of Chandler, Gray, Lang & Haswell, Gainesville, for appellee.
NIMMONS, Judge.
This is an appeal from a final judgment in favor of plaintiff, Brittany of Michigan, a Michigan limited partnership ("Brittany Michigan"), and against the defendant Brittany Ltd., a California limited partnership ("Brittany California"), and its general partner, Phillip Stephen, for damages allegedly sustained by reason of Brittany California's breach of a contract for the purchase and sale of Brittany Estates Mobile Home Park in Gainesville.
In January, 1980, Brittany California, as seller, and Robert Rissman, as buyer, contracted for the purchase and sale of the mobile home park. Among other things, the seller warranted that the mobile home park's sewer system was in good working order and was not in violation of any governmental or environmental regulations. The purchase price was paid in part by cash and in part by a purchase money wraparound mortgage. Rissman assigned his rights in the contract, as buyer, to Brittany Michigan. The transaction was closed on May 1, 1980.
Subsequently, it was discovered that the sewer system was not in good working order on the date of closing, nor was it free from violations of governmental and environmental regulations. The trial court, sitting without a jury, found that the sewer system was defective and not subject to repair and that the Department of Environmental Regulation (DER) had issued a temporary operating permit to Brittany Michigan *345 for operation of the sewage treatment plant on the condition that the mobile home park be connected to the Gainesville regional utilities system by June, 1986. The court awarded damages which included, among other things, costs of connecting the mobile home park to the Gainesville sewer system.
The parties agreed that in fashioning relief, the trial court could "reform" the mortgage and note. Accordingly, the court cancelled the note and mortgage and entered a money judgment for the balance. The judgment was entered not only against the defendant Brittany California but also against its general partner, Philip L. Stephen.
Appellants first contend that the trial court lacked jurisdiction over general partner Stephen and that it was therefore error to enter judgment against him. We agree. The complaint did not name Stephen as a party defendant. Indeed, the complaint did not even mention Stephen, and no motion to amend the pleadings was ever made in respect to Stephen. Although Stephen, a California resident, did appear and testify at the trial, such did not entitle the trial court to enter judgment against Stephen individually.
Brittany California was a foreign limited partnership authorized to do business in Florida. Such a partnership may be subjected to the jurisdiction of Florida courts pursuant to Section 620.49, Florida Statutes,[1] which authorizes substituted service of process upon the Department of State where a general partner cannot be found in Florida. See also Section 48.061(3), Florida Statutes.
In the instant case, the record shows that a summons was issued in the name of the defendant, "Brittany Ltd., a California Limited Partnership." The sheriff's return of service shows that the Secretary of State was served as agent for the partnership. Although Stephen admitted loosely to having been "served through the secretary of state," it is apparent from the record that substituted service was effectuated only upon the partnership and that Stephen was somehow notified  it is unclear how  of the suit. We need not decide whether Section 620.49 authorizes substituted service of process upon a non-resident general partner of a limited partnership inasmuch as such was not attempted by the plaintiff.[2]
We are unwilling to establish a precedent authorizing judgment to be entered against a general partner who is not named as a party defendant, not mentioned in the complaint and not served with process notwithstanding the fact that he was notified of the suit and even appeared and testified. But cf. Malibu Partners, Ltd. v. Schooley, 372 So.2d 179 (Fla. 2d DCA 1979).
Appellants also complain of the amount of damages awarded by the trial court. The award was predicated upon the court's finding that the Brittany Estates sewage treatment system was not subject to repair, a finding which was based upon competent substantial evidence, and that the only way the situation could be remedied was for Brittany Estates to connect to the Gainesville sewer system. To us, the only questionable element of damages in the award pertained to the future user fees to be charged by the city after hookup. *346 However, in the lower court appellants never interposed an objection to such evidence notwithstanding the fact that the appellee's expert testified at length regarding such element of damages. Appellants have thus waived their right to complain of such element. See Snead Construction Corporation v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978); Fla.Jur.2d Appellate Review § 95.
The judgment is AFFIRMED as to appellant Brittany Michigan and REVERSED as to the appellant Phillip Stephen.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Section 620.49 provides:

Service of process.  Service of process may be had on any general partner found in Florida and shall be valid as if served on each individual member of the partnership. In the event no general partner can be found in Florida, service of process may be effected by service upon the Department of State as agent of said limited partnership as provided for in s. 48.181.
[2] Section 620.30, Part I of Partnership Laws, provides that service of process on any general partner of a limited partnership is as valid as if served on each individual member thereof and that judgment and execution is authorized against the general partners individually as well as against the limited partnership. It is unavailing for the appellee to argue that Section 620.49, Part II (Foreign Limited Partnerships), should be read in para materia with Section 620.30 so as to authorize judgment and execution against a non-resident general partner served by substituted process upon the secretary of state because, as we have noted, there was no attempt to serve the general partner.