■ Son-Oak Rhee, Respondent, v Leonard L. Meyers et al., Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered August 17, 1989, granting partial summary judgment in lieu of complaint on an instrument for the payment of money only and referring the question of damages for a hearing, unanimously affirmed, with costs and disbursements.

Defendant Leonard L. Meyers and his late wife, Linda S. Markis Meyers, agreed in writing, on January 1, 1983, to accept investment moneys from plaintiff which would earn at least 12% per annum, with repayment of funds on demand within 24 hours for amounts up to $10,000, and within seven business days for greater amounts. The agreement further provided for the rendering of monthly statements reflecting the total funds invested and interest accrued. Such statements were issued to plaintiff over the next six years, during which time plaintiff both added and withdrew funds from her account. The last monthly statement was rendered for the period ending January 31, 1989, reflecting a credit balance of $302,602.85. Linda Markis Meyers died during the month of January 1989. When plaintiff's demands for repayment of her funds were ignored, she commenced this action by service of a summons and notice of motion for summary judgment in lieu of complaint (CPLR 3213).

Leonard Meyers denied knowledge of the subsequent history of the account after January 1983, disclaimed any indication of such large business investments anywhere in the business records of his late wife for the two years prior to her death, and pointed to the fact that plaintiff's income tax returns for 1985 and 1986 failed to reflect anywhere near the interest supposedly earned on her account during those years.

The question of income taxes is, of course, a matter between plaintiff and the Internal Revenue Service. This court is concerned solely with the question of whether this action is based upon an instrument for the payment of money only. Such an action must be based on something more than simply an account stated *(Interman Indus. Prods. v R. S. M. Electron*

*Power,* 37 NY2d 151), although the evidence thereof cannot be drawn from sources outside the agreement itself *(see, Goodman v Solow,* 27 AD2d 920). But where the account stated is consonant with the fixed terms of the agreement, this may be taken as an obligation warranting the accelerated procedure under CPLR 3213 *(see, Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19), especially where the rendering of statements in connection with that account indicates a history of transactional activity *(Ace Off. Cleaning Corp. v Brodsky, Hopf & Adler,* 81 Misc 2d 170). Such an acknowledgment of an obligation upon an account stated is a promise for the payment of money only. *(See, Wickham Contr. Co. v Gevyn Constr. Corp.,* 64 AD2d 982.) Periodic statements, reflecting activity as well as the state of the account, together with the written 1983 agreement, unequivocally establish the obligation as an instrument for the payment of money only. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.