■ Blum, Gersen & Stream, Appellant, v 346 East 72nd Street Associates, Inc., Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 24, 1990, denying plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

A letter may be considered an instrument for the payment of money only, pursuant to CPLR 3213, so long as the writing unconditionally acknowledges a debt *(Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19). Here, the express language of defendant's letter indicates that its acknowledgement of indebtedness and schedule of repayment were mere proposals, made in

the course of ongoing negotiations. The letter reflected defendant's understanding of the agreed upon terms and its "proposal" which it believed essentially mirrored plaintiff's terms. The letter also invited further comment from plaintiff, apparently in the event plaintiff believed the letter did not conform with what had been agreed. Under these circumstances, defendant's acknowledgement of an indebtedness was not unconditional, and it cannot be said that the parties had reached an agreement on the terms set forth in the instrument sued upon. *(Supra,* at 21; *Rhee v Meyers,* 162 AD2d 397.)

Moreover, defendant executed the letter as an agent on behalf of the party sought to be charged, 346 East 72nd Street Realty Associates Company, which has not been made a party. Service upon defendant, general partner of the limited partnership Realty Associates Company, constitutes jurisdiction over Realty Associates Company, pursuant to CPLR 310. However it would be inappropriate to award judgment in favor of plaintiff against the assets of the general partner agent *(see, Helmsley v Cohen,* 56 AD2d 519), especially where plaintiff's papers did not apprise defendant that it would be held liable in its individual capacity. *(Cf., Albilia v Hillcrest Gen. Hosp.,* 124 AD2d 499.)* Concur—Murphy, P. J., Carro, Ellerin, Wallach and Asch, JJ.