915 P.2d 331

**LAVA SHADOWS, LTD., a New Mexico limited partnership, Plaintiff–Appellant,**

v.

**John J. JOHNSON, IV, Defendant– Appellee.**

**No. 16357.**

Court of Appeals of New Mexico.

March 5, 1996.

Certiorari Denied April 17, 1996.

Robert D. Montgomery, Albuquerque, for Appellant.

Robert G. Kavanagh, Threet & King, Albuquerque, for Appellee.

## OPINION

HARTZ, Judge.

1. Lava Shadows, Ltd., a limited partnership, sued John J. Johnson IV, a former general partner. Johnson counterclaimed against Lava Shadows and prevailed. The district court then entered judgment in favor of Johnson against William Weideman, a general partner of Lava Shadows. Weideman appeals, contending that the district court could not enter judgment against him because he had not been a party to the action at the time of trial. We agree and reverse.

## I. BACKGROUND

2. The Lava Shadows complaint, filed on June 1, 1990, sought from Johnson an accounting and restitution for monies allegedly owing because of his overbilling for services. Johnson answered and counterclaimed for conversion, an accounting, and dissolution of the partnership. Weideman was not named as a party in either the complaint or the counterclaim, although he verified the complaint.

3. Johnson subsequently filed for bankruptcy, and the claim against him was discharged. The counterclaim, however, proceeded to trial by the court in April 1994. After trial, District Judge Philip R. Ashby wrote counsel a letter announcing that he would award Johnson $212,845.60 in damages against Lava Shadows. Johnson submitted requested findings of fact and conclusions of law, including a conclusion that he should have judgment against Lava Shadows and

Weideman jointly and severally. This conclusion appeared in the district court's findings and conclusions, but Lava Shadows filed for bankruptcy before judgment could be entered.

4. Shortly thereafter Judge Ashby retired from the bench. After the case was assigned to District Judge W. Daniel Schneider, Johnson moved for entry of judgment against Weideman. The caption of the motion, as with all prior pleadings, named only Lava Shadows as plaintiff and Johnson as defendant. See SCRA 1986, 1–010(A) (rule governing captions). The court's notice of hearing, which had the same caption, was sent to Johnson's attorney, to a former attorney for Johnson, and to Robert D. Montgomery as "attorney for Plaintiff." Despite the absence of Weideman's name from the caption and notice, at the hearing on February 8, 1995 Montgomery announced that he was appearing for Lava Shadows "and William Weideman, general partner." Montgomery's arguments on behalf of Weideman rested on Lava Shadows' bankruptcy, not the failure to join Weideman as a party. After the hearing the court sent a letter to all counsel announcing that the motion would be granted. Montgomery then filed a pleading on behalf of Weideman entitled "Special Appearance and Motion to Determine Jurisdiction," contesting the court's jurisdiction to enter judgment against Weideman. The court held a hearing on the matter but rejected Weideman's argument and entered judgment against him.

## II. DISCUSSION

5. Our analysis proceeds in two steps. First, we consider the question whether Weideman was, or could be deemed to be, a party at the time of trial. Second, having answered in the negative, we consider whether after trial Weideman could be joined and judgment entered against him. Again, we answer no. We therefore reverse the judgment.

### A. Was Weideman a Party at the Time of Trial?

6. It is an elementary, if not oft-stated, principle that judgment may not be

entered against one not a party to the action. *Fazzi v. Peters*, 68 Cal.2d 590, 68 Cal.Rptr. 170, 173, 440 P.2d 242, 245 (1968) (en banc). A person does not become a party subject to liability merely by receiving notice of the action. The pleading that provides notice must seek relief against the person. Ordinarily, a court has jurisdiction to enter judgment against a person only if the person receives proper notice, and such notice must include notice that the person is a party against whom judgment is sought. *See* Restatement (Second) of Judgments § 2 cmt. b (1980) ("Restatement").

■ 7. In the present case Weideman was not named in the caption of the complaint or counterclaim. Nor did either pleading pray for relief for or against him. If Weideman is to be considered a party, it must arise from his relationship to the party Lava Shadows—a limited partnership of which he was general partner. But partnerships are now recognized as jural entities distinct from the partners themselves. "Suits may be brought by or against a partnership as such[.]" NMSA 1978, § 38–4–5 (Repl.Pamp.1987). The fact that the partnership is a party does not in itself make the partners parties. *See, e.g., Fazzi; Brittany Ltd. v. Brittany of Michigan*, 468 So.2d 344, 345 (Fla.Dist.Ct.App.), *review denied*, 479 So.2d 117 (1985); *Losito v. Gingo*, 107 Ga. App. 840, 131 S.E.2d 780, 781–82 (1963); *Cortiza v. Rosenblat*, 291 So.2d 425, 428 (La.Ct. App.1974); *X–L Liquors v. Taylor*, 17 N.J. 444, 111 A.2d 753, 760 (1955); *Blum, Gersen & Stream v. 346 East 72nd Street Assocs.*, 172 A.D.2d 444, 569 N.Y.S.2d 15 (1991); *Post & Front Properties v. Roanoke Constr. Co.*, 117 N.C.App. 93, 449 S.E.2d 765, 768–69 (1994); *Foster Lumber Co. v. Glad*, 303 N.W.2d 815, 816 (S.D.1981); 2 Alan R. Bromberg & Larry E. Ribstein, *Bromberg and Ribstein on Partnership* § 5.12(c), at 5:95 (1991). *But see Fincher v. B & D Air Conditioning & Heating Co.*, 816 S.W.2d 509 (Tex. Ct.App.1991), *writ denied* (Tex. Feb. 26, 1992), *and cert. denied*, 506 U.S. 823, 113 S.Ct. 77, 121 L.Ed.2d 41 (1992).

8. Johnson relies, however, on *National Surety Co. v. George E. Breece Lumber Co.*, 60 F.2d 847 (10th Cir.1932), for the proposition that "even in an action against the partnership in its own name, judgment may be rendered against a partner individually if he has been served with process or has appeared in the action." *Id.* at 850. This proposition rests on a longstanding New Mexico statute, Section 38–4–5, which reads:

> Suits may be brought by or against a partnership as such, or against all or either of the individual members thereof; and a *judgment against the firm* as such *may be enforced against the* partnership's *property*, or that *of such members as have appeared or been served with summons;* but a new action may be brought against the other members in the original cause of action. When the action is against the partnership as such, service of summons on one of the members, personally, shall be sufficient service on the firm.

(Emphasis added.) In our view, this statute does not assist Johnson.

9. We first address the "served with summons" language. One might infer from the emphasized language that if a general partner is served with a complaint against the partnership, the served partner is deemed a party so that judgment can be entered against the partner. We do not draw that inference. In *Fazzi* the California Supreme Court considered a similar statute, which read:

> "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, *the associates may be sued by such common name*, the summons in such cases being served on one or more of the associates; *and the judgment in the action shall bind* the joint property of all the associates, and *the individual property of the party or parties served with process*, in the same manner as if all had been named defendants and had been sued upon their joint liability."

*Id.* at 172, 440 P.2d at 244 (italics deleted) (emphasis added) (quoting Cal.Civ.Code § 388 (West 1954)). The court reviewed the history of the statute and judicial interpretations throughout that history. It concluded that the language referring to "individual property" was inserted to avoid any implica-

tion that a partner could not be bound in an action against a partnership even if the partner was joined as a defendant. *Id.* at 174, 440 P.2d at 246. The court held that the statute did not render a partner a party unless so named. It rejected a lower court ruling that "an individual judgment may be rendered against a [served] partner not joined as a defendant in an action against the partnership of which he is, or is alleged to be, a member." *Id.* at 175, 440 P.2d at 247; *see* Bromberg & Ribstein, *supra,* § 5.12(c), at 5:94 to 5:98.

■ 10. New Mexico has no comparable history to elucidate the meaning of Section 38–4–5. (The statement in *National Surety* quoted above is both ambiguous and dictum.) But the California court's construction is compelling because it is a plausible reading of the statutory language and because it comports with well-entrenched legal doctrine that recognizes the distinction between a person acting in an individual capacity and a person acting in a representative capacity. *See, e.g.,* Restatement, *supra,* § 36 cmt. a. When a partnership is served by serving a partner, the partner is functioning in a representative capacity. If the partner is not a party, service upon the partner cannot constitute service upon the partner in the partner's individual capacity. We hold that a partner does not become a party to a suit against the partnership solely by virtue of being served with summons in the case; the partner must also be identified as a party in the complaint. In short, the partners whose personal property is subject to a judgment creditor under Section 38–4–5 are those partners "served with summons" *as parties in their individual capacities.*

11. We take a similar view of the provision in Section 38–4–5 stating that when partners "have appeared" in an action, judgment against the partnership can be enforced against the property of those partners individually. The term "appear" in this context has a technical meaning. One does not "appear" simply by "showing up" during the course of the litigation. An appearance is "[a] coming into court as party to a suit, whether as plaintiff or defendant." *Black's Law Dictionary* 125 (rev. 4th ed. 1968). It

involves "submitting to the jurisdiction of the court in a manner showing knowledge of the suit and an intention to appear." *Tarr v. Superior Court,* 142 Ariz. 371, 690 P.2d 90, 93 (App.1984). For example, a plaintiff appears in an action when the plaintiff's attorney files suit. *See Pacilio v. Scarpati,* 165 Misc. 586, 300 N.Y.S. 473, 478 (1937); *cf. State ex rel. State Police Dep't v. One 1984 Pontiac,* 111 N.M. 85, 87–88, 801 P.2d 667, 669–70 (Ct. App.1990) (meaning of "appearance" for purpose of requiring notice before taking default under SCRA 1986, 1–055), *aff'd,* 111 N.M. 746, 809 P.2d 1274 (1991); 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2686 (1983) (same, with respect to Federal Rules of Civil Procedure, Rule 55).

12. Johnson suggests that Weideman's verification of the complaint constituted an appearance by him. We agree that a partner's filing a complaint would constitute a sufficient appearance to come within Section 38–4–5. A judgment on a counterclaim could then be enforced against the partner's individual property. But such a complaint would need to be filed in the partner's individual capacity. That was not the case here. The complaint names only Lava Shadows as the plaintiff. The verification specifically recites that Lava Shadows is the plaintiff and in no way implies that Weideman is seeking relief in his individual capacity. Thus the verification, even taken together with Weideman's authorization of the suit, does not constitute an appearance in the suit by Weideman. Just as service upon Weideman suffices under Section 38–4–5 only if Weideman is named as a party, action by Weideman in initiating the suit suffices as an appearance by him under Section 38–4–5 only if the suit names him as a party.

13. Because Weideman was neither served personally as a party nor appeared personally as a party prior to completion of trial, he was not a party at the time of trial.

**B. *Could Judgment Be Entered Against Weideman After Trial?***

■ 14. Although Weideman was not a party at the time of trial, it appears, as Johnson contends, that he became a party

after trial when his attorney announced in court that he was appearing for Weideman to contest the proposed judgment against him. The attorney later entered a special appearance challenging the court's jurisdiction over Weideman, but such a challenge may well have been too late. *See* Restatement, *supra,* § 10 cmt. b (challenge to personal jurisdiction must be raised in first responsive pleading); *cf.* SCRA 1986, 1–012(H)(1) (defense of lack of personal jurisdiction is waived by omitting it from responsive pleading or from motion filed under the rule). We assume, without deciding, that Weideman became a party and that the district court had personal jurisdiction over him when it entered judgment against him.

15. Nevertheless, the judgment was improper. Weideman had not been a party during trial. He therefore had no reason or opportunity to raise any defenses that were available to him but not to the partnership. Characterizing what happened in the manner most favorable to Johnson's contentions, (1) when Johnson submitted a proposed conclusion of law stating that he should have judgment against Weideman, he in effect moved to amend to bring in Weideman as a party, (2) Weideman appeared at the motion hearing, and (3) the district court permitted the amendment. Yet, even if Weideman had become a proper party in the case, the court granted relief without affording Weideman an opportunity to present a defense on the merits. As our Supreme Court wrote before statehood, "This can not be done." *Lewinson v. First Nat'l Bank,* 11 N.M. 510, 514, 70 P. 567, 567 (1902). In *Lewinson* the bank had obtained judgment against a partnership of which Lewinson was the junior member, but Lewinson had not been served prior to judgment. The bank then sought relief against Lewinson, relying on the statute now codified, without any change in language, as Section 38–4–5. Our Supreme Court wrote:

> This action is to extend the lien of [the judgments against the partnership] against the property of the copartner Lewinson by bringing suit upon the judgments and not upon the original cause of action. This can not be done. Under the statute the defendant Lewinson is entitled to his day in court, to present any defense which he may have to the original cause of action. Indeed the statute specifically provides that "a new action may be brought against the other members in the original cause of action." In this action the defendant Lewinson could not present any defense to the original cause of action, and was left solely to present such questions in defense as might affect the jurisdiction of the court and the regularity of the proceedings in the action in which the two judgments in question were recovered. Under our statute the default of an insolvent partner, by which judgment is recovered against his firm, can not cut off the right of defense on the merits of his solvent copartner in an action against him upon any claim made against the copartnership whereby it is sought to extend the lien of such judgment to the individual property of the solvent partner.

*Id.* at 514–15, 70 P. at 567–68.

16. The actions of the district court "cut off [Weideman's] right of defense on the merits." We follow *Lewinson* and reverse the judgment against Weideman. On this appeal we need not address the merits of the claims against Weideman or whether any defenses otherwise available to him may be barred by principles of issue preclusion. *See* Restatement, *supra,* § 60(2)(c).

### III. CONCLUSION

17. We reverse and remand with instructions to vacate the judgment against Weideman.

18. **IT IS SO ORDERED.**

APODACA, C.J., and BOSSON, J., concur.