923 P.2d 1177

**Sharon O'Neal WIRTZ, Petitioner–
Appellant,**

v.

**STATE of New Mexico EDUCATIONAL
RETIREMENT BOARD, Respondent–
Appellee.**

**No. 16501.**

Court of Appeals of New Mexico.

July 2, 1996.

Certiorari Denied Aug. 28, 1996.

Patricia Glazek, Santa Fe, for Petitioner–Appellant.

Tom Udall, Attorney General and Andrea R. Buzzard, Asst. Attorney General, Santa Fe, for Respondent–Appellee.

## OPINION

PICKARD, Judge.

1. Petitioner, Sharon O'Neal Wirtz (Wirtz), appeals the denial of her motion in the district court for attorney fees and costs pursuant to 42 U.S.C. § 1988 (Supp.1992). Wirtz raises seven issues on appeal. She alleges that the district court erred: (1) in denying amendment of the caption; (2) in determining that the petition did not provide adequate notice of a 42 U.S.C. § 1983 (1988) claim; (3) in applying general pleading requirements to a common law certiorari peti-

tion for a "claim of error"; (4) in finding that the Educational Retirement Board (ERB) would be prejudiced by deciding that this was a 42 U.S.C. § 1983 action; (5) in finding that Wirtz waived her right to relief under 42 U.S.C. § 1983 by seeking discretionary relief on another issue; (6) in determining that Wirtz was not the prevailing party under a 42 U.S.C. § 1988 analysis; and (7) in determining that Wirtz had been seeking monetary damages rather than prospective injunctive relief under 42 U.S.C. § 1983.

2. We affirm the district court's denial of Wirtz's motion for 42 U.S.C. § 1988 attorney fees because a variety of factors argued under the first four issues justify the denial of attorney fees under that section. Accordingly, we need not reach the other issues.

*FACTS*

3. Wirtz was a full-time schoolteacher who submitted a claim to the ERB for disability benefits under NMSA 1978, Sections 22–11–1 to –52 (Repl.Pamp.1993 & Cum. Supp.1995), the Educational Retirement Act (ERA). The ERB denied her claim, and Wirtz filed a petition for certiorari in the district court. Wirtz served the ERB by mailing the original amended writ of certiorari as well as a copy of the verified writ first-class, postage-paid to the ERB's post office box. Wirtz served the individual members of the ERB by mailing first-class, postage-paid copies of the amended writ of certiorari and the verified writ to them "in care of" the ERB through the ERB's post office box.

4. In her petition, Wirtz claimed violations of substantive and procedural due process and violations of the ERA. Wirtz did not specifically allege a claim under 42 U.S.C. § 1983, did not indicate whether the due process violations were of the state or federal constitutions, and only referenced 42 U.S.C. § 1988 in her prayer for relief. The caption of Wirtz's petition named the "State of New Mexico Educational Retirement Board" as the sole respondent. However, the petition contained a paragraph stating that the ERB "purported to act in the dis-

charge of its official duties under the Educational Retirement Act," and one sentence in that paragraph identified the members of the ERB by name and title and stated that the named individuals were "the real respondents in interest." In its response, the ERB "affirmatively state[d] that it and its board members acted in discharge of their official duties pursuant to the Educational Retirement Act" and acknowledged that the list of board members' names was mostly correct.

5. Meanwhile, the ERB modified its hearing procedures and moved to have the case remanded for further agency proceedings. Wirtz opposed the remand and requested that the district court declare her disabled and eligible for benefits pursuant to its authority under *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 129–30, 767 P.2d 363, 368–69 (Ct.App.) (under limited circumstances, reviewing court may make independent findings contrary to the fact-finder's), *cert. denied*, 109 N.M. 33, 781 P.2d 305 (1988). The district court remanded the case over Wirtz's objections, but retained jurisdiction to review the ERB's final decision. On remand, the ERB declared Wirtz disabled and awarded her retroactive and ongoing benefits under the ERA during her disability.

6. Wirtz then filed motions in the district court for attorney fees and costs pursuant to 42 U.S.C. § 1988 and to amend the caption of her petition for certiorari to include each of the individual board members named in the petition as respondents in their official capacities. After reviewing the pleadings and briefs and after hearing argument from the parties, the district court denied both motions.

*DISCUSSION*

7. In analyzing the propriety of the district court's denial of Wirtz's motion to amend the caption, we consider two questions: (1) whether the individual board members were, or could they be deemed to be, parties to the original action; and (2) if not, whether they could be brought in as defendants after the conclusion of the proceedings

on the merits by amendment relating back to the original pleading and whether an award of attorney fees could be entered against them. We answer both questions in the negative.

■■■ 8. We review the district court's denial of Wirtz's motion to amend the caption for abuse of discretion. *Rivera v. King*, 108 N.M. 5, 9, 765 P.2d 1187, 1191 (Ct.App.), *certs. denied*, 107 N.M. 785, 765 P.2d 758 (1988); *see Bellet v. Grynberg*, 114 N.M. 690, 692, 845 P.2d 784, 786 (1992); *Schmitz v. Smentowski*, 109 N.M. 386, 390, 785 P.2d 726, 730 (1990). Granting a motion to amend is an abuse of discretion if the opposing party is prejudiced by the amendment. *Bellet*, 114 N.M. at 692, 845 P.2d at 786; *In re Laurie R.*, 107 N.M. 529, 533, 760 P.2d 1295, 1299 (Ct.App.1988). Amendments to pleadings should be allowed to provide substantial justice, SCRA 1986, 1–015 (Repl.1992), but a denial of a motion to amend should only be reversed if no proper reason supports the district court's decision. *Rivera*, 108 N.M. at 9, 765 P.2d at 1191.

■■ 9. We begin with 42 U.S.C. § 1983, which provides that:

> Every *person* who, under color of any statute, ordinance, [or] regulation . . . of any [s]tate . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Emphasis added.]

Courts may award attorney fees under 42 U.S.C. § 1988 in state actions to enforce 42 U.S.C. § 1983. 42 U.S.C. § 1988(b); *In re T.B.*, 121 N.M. 465, 467, 913 P.2d 272, 274 (Ct.App.1996).

■■ 10. The only respondent named in the caption was the ERB, which is considered to be an "arm of the state" and not a "person" amenable to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Daddow v. Carlsbad Mun. Sch. Dist.*, 120 N.M. 97, 99, 898 P.2d 1235, 1237 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 753, 133 L.Ed.2d 700 (1996). Thus, the purpose of the motion to amend was to enable Wirtz to substitute the names of respondents amenable to 42 U.S.C. § 1983 actions so that she could request attorney fees under 42 U.S.C. § 1988. Wirtz argued to the court that she had sued the board members individually and was simply seeking to amend the caption to accurately reflect her suit. However, the district court found that the motion was, in reality, a request to add parties and denied the motion.

■■ 11. "The theory of pleadings is to give the parties fair notice of the claims and defenses against them, and the grounds upon which they are based." *Schmitz*, 109 N.M. at 389, 785 P.2d at 729. Wirtz acknowledges that the ERB was the only named respondent in the caption of the petition. Nevertheless, Wirtz argues that, by listing the names of the individual board members in the body of the petition and stating that they were the "real respondents in interest," she notified the board members that they were also parties to the action. However, the language throughout the rest of the petition refers only to a single respondent, the ERB. The ERB and its individual board members are not one and the same. A suit against the board members as individual defendants was not an automatic or inherent ingredient of Wirtz's suit against the ERB. Simply naming individual board members in the body of the petition and stating that they were "real respondents in interest" did not necessarily give notice to the members that Wirtz intended to sue them individually.

12. Wirtz cites *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), for the proposition that the course of proceedings, rather than the language in the complaint, determines what type of action has been brought. *Brandon* is distinguishable. In *Brandon*, the plaintiff named the correct defendant in both the caption and the body of

the complaint, and the only confusion was whether the defendant was sued in his official or personal capacity. In addition, the Court noted that the district court repeatedly and unambiguously stated that the defendant, a police chief, was being sued in his official capacity. *Id.* at 469, 105 S.Ct. at 876. In the instant case, Wirtz did not name the correct defendants in her caption and only mentioned the individual board members in one sentence in the petition. In the remainder of the petition and, indeed, in the remainder of the pleadings filed in the case, the only reference made to Respondent is in the singular.

13. Wirtz also argues that the individual board members should have known that they were parties from the beginning because they were each served individually. In fact, however, the board members were never properly served. Service upon a state official shall be effected "by delivering a copy of the summons and of the complaint to the officer, official or employee and to the attorney general." SCRA 1986, 1–004(F)(3)(c) (Repl.1992). For the purposes of SCRA 1–004(F)(3), "delivery" refers to personal service. *See Clark v. LeBlanc*, 92 N.M. 672, 673, 593 P.2d 1075, 1076 (1979) (explaining importance of requiring service of process by *personal delivery* ).

14. Counsel for Wirtz signed a certificate of service stating that copies of the writ of certiorari were mailed, first class, to the board members "in care of" the ERB. While SCRA 1–004(E) does provide for service by first-class mail, it also limits its application to the specific classes of defendants described in SCRA 1–004(F)(1) and (2). Both the ERB and the individual board members belong to the class of defendants described in SCRA 1–004(F)(3) and therefore must be served personally.

15. The fact that the board members were mailed copies of the petition to the ERB's post office box "in care of" the ERB lends additional weight to the ERB's claim that the individual members were unaware of their personal stake in the proceedings. It is not uncommon for individual members of organizations involved in litigation to receive "courtesy copies" of the pleadings. Mailing copies of a petition for review of an ERB decision to the individual members "in care of" the ERB, the only respondent listed in the caption, and mailing them to the ERB's address instead of personally delivering them to the members, likely gave the impression that these were mere "courtesy copies" and would be insufficient to constitute notice that each member was being sued individually.

16. Moreover, regardless of whether the ERB waived service by responding to Wirtz's petition and making an appearance in court, the board members never responded individually. They were not represented by counsel in court and did not participate in the action in any way that would constitute a waiver of service. In *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969), Hazeltine's parent corporation stipulated that parent and subsidiary would be considered one entity for the purpose of that litigation. The Supreme Court held that the stipulation was not an adequate substitute for the normal methods of obtaining jurisdiction over a person or corporation because Hazeltine "was not named as a party, was never served and did not formally appear at the trial." *Id.* at 110, 89 S.Ct. at 1569. "It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Id.* Neither the stipulation nor the possibility that other proceedings may have shown the two to be the same entity were sufficient to overcome the lack of due process for Hazeltine, which "never had its day in court" on the issue. *Id.* at 111, 89 S.Ct. at 1570. In addition, the United States Supreme Court has specifically held that "a judgment entered without notice or service is constitutionally infirm.... Failure to give notice violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 898, 99 L.Ed.2d 75 (1988)

(quoting *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965)) (citations omitted).

17. *Lava Shadows, Ltd. v. Johnson,* 121 N.M. 575, 915 P.2d 331 (Ct.App.1996), *cert. denied,* 121 N.M. 644, 916 P.2d 844 (1996), is a closely analogous case. The Lava Shadows partnership sued Johnson, a former general partner, who answered and counterclaimed against Lava Shadows. Johnson subsequently filed for bankruptcy, and the claim against him was discharged. Johnson's counterclaim went to trial, and the district court found against Lava Shadows. *Id.* at 576, 915 P.2d at 332. However, before judgment could be entered, Lava Shadows declared bankruptcy. Johnson then moved for judgment against another general partner, Weideman, who was neither named nor joined as a party in the complaint. *Id.* at 577, 915 P.2d at 333. The district court granted judgment against Weideman, and this Court reversed. We held that Weideman was not a party at the time of trial and could not be joined as a defendant after the trial.

It is an elementary, if not oft-stated, principle that judgment may not be entered against one not a party to the action. *Fazzi v. Peters,* 68 Cal.2d 590, 68 Cal.Rptr. 170, 173, 440 P.2d 242, 245 (Cal.1968) (en banc). A person does not become a party subject to liability merely by receiving notice of the action. The pleading that provides notice must seek relief against the person. Ordinarily, a court has jurisdiction to enter judgment against a person only if the person receives proper notice, and such notice must include notice that the person is a party against whom judgment is sought.

... The fact that the partnership is a party does not in itself make the partners parties.

*Lava Shadows,* 121 N.M. at 576–77, 915 P.2d at 332–33.

18. Applying the *Lava Shadows* analysis to the case at bar, we conclude that the petition was insufficient to alert the individual board members to their potential lia-

bilities. The board members in this case did not become parties subject to liability merely by receiving notice of an action, particularly a certiorari proceeding, against the ERB. The certiorari petition did not seek relief against them individually. The members were never properly served, and they had no representation as individuals in the district court proceedings. They were not, in short, parties to the action. The fact that the ERB was a party does not in itself make the individual board members parties any more than a suit against a partnership automatically includes the individual partners as parties when they are not named as parties. *See id.* at 577–78, 915 P.2d at 333–34.

19. New Mexico Rules of Civil Procedure provide that parties may be brought in by amendment relating back to the original pleading if the claim against the new party arises out of the same conduct, transaction, or occurrence as set forth in the original pleading and if the new party: (1) has received such notice that it would not be prejudiced in maintaining its defenses on the merits; and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party. SCRA 1–015(C)(1) & (2).

20. Concerning requirement (1), we note that a newly added defendant will suffer prejudice in maintaining its defense on the merits when the amendment is sought after judgment. A defendant added after trial would have no opportunity to defend itself on the merits, as the proceedings would already have concluded. The United States Supreme Court has stated,

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and *afford them an opportunity to present their objections.*

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (emphasis added).

21. Concerning requirement (2), we note that there are several factors, in addition to the failure to name and failure to properly serve, indicating that the board members did not know, nor should they have known, that they were the parties actually involved in the action such that 42 U.S.C. § 1988 attorney fees could be awarded against them. Each of these factors individually might not be sufficient to hold that 42 U.S.C. § 1988 attorney fees should not be awarded under the circumstances of this case. Moreover, the presence of these factors is not an essential prerequisite to affirmance of the denial of fees. The failure to name the board members and the failure to properly serve them are sufficient to affirm the trial court.

22. Nonetheless, these factors lend additional support to the district court's denial of 42 U.S.C. § 1988 attorney fees. In *Chapman v. Luna,* 102 N.M. 768, 770, 701 P.2d 367, 369 (1985), *cert. denied,* 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985), our Supreme Court held that 42 U.S.C. § 1988 attorney fees should not be awarded in the absence of a complaint pleading 42 U.S.C. § 1983 or a federal constitutional violation specifically. In *Brown v. Romero,* 77 N.M. 547, 550–51, 425 P.2d 310, 313 (1967), our Supreme Court held that actions for damages could not be brought in the context of an administrative appeal. In this case, the pleading of a right to 42 U.S.C. § 1983 or 42 U.S.C. § 1988 relief was unclear. Neither 42 U.S.C. § 1983 nor federal due process was mentioned in the petition. An allegation of a deprivation of due process rights under the Fourteenth Amendment was briefed, but when the ERB moved to remand to give Wirtz a new hearing under its newly adopted procedures, Wirtz opposed the motion and sought a decision on the merits of her entitlement to benefits from the district court judge. There was never any clear claim of entitlement by Wirtz to any specific relief other than her claim for benefits on the merits. Under these circumstances, we hold that the district court did not abuse its discretion in denying Wirtz's motion to add parties and thereby denying attorney fees.

*CONCLUSION*

23. Because the individual board members were not parties to this action and could not be added as parties after the proceedings on the merits had concluded, and since a judgment cannot be enforced against a person not a party to the proceedings, the district court lacked jurisdiction to enforce an award of 42 U.S.C. § 1988 attorney fees against them. Because the ERB is not a "person" amenable to suit under 42 U.S.C. § 1983, the district court lacked authority to enforce an award of 42 U.S.C. § 1988 attorney fees against it. We affirm the district court's orders denying Wirtz's motion for 42 U.S.C. § 1988 attorney fees and denying her motion to add parties.

24. **IT IS SO ORDERED.**

DONNELLY and FLORES, JJ., concur.