[S. F. No. 22585. In Bank. May 16, 1968.]

ADOLPH R. FAZZI et al., Plaintiffs and Respondents, **v.**
ROBERT E. PETERS, Defendant and Appellant.

Philip N. Schmidt for Defendant and Appellant.

Nagle, Vale & McDowall and Vernon V. Vale for Plaintiffs and Respondents.

SULLIVAN, J.—In this case we simply reaffirm the seemingly self-evident proposition that a judgment in personam may not be entered against one not a party to the action. In so doing we disapprove the case of *Calimpco, Inc.* v. *Warden* (1950) 100 Cal.App.2d 429 [224 P.2d 421], insofar as it holds or implies to the contrary.

Peters & Christoferson is a copartnership licensed by the state as a general building contractor. On March 31, 1961, plaintiff property owners brought the instant action against the City of San Mateo, Peters & Christoferson, two other copartnerships, a corporation, seven individuals (among whom were neither Peters nor Christoferson), and one hundred Does. The complaint alleges that "the defendant PETERS & CHRISTOFERSON was a co-partnership consisting of First through Fifth Does inclusive as the members thereof; . . ." It further alleges that the true names of all Does are unknown, and prays for leave to insert the true names of Does when such are ascertained. (See Code Civ. Proc., § 474.)

The summons as originally issued named neither Peters (appellant herein) nor Christoferson as an individual party defendant. S. T. Christoferson was served with summons and complaint as a person sued under the fictitious name of Doe, but the complaint was never amended to substitute his true name in place of said fictitious name. Robert E. Peters was not served as a person sued under the fictitious name of Doe, but he was served with summons and complaint on July 8, 1963. According to the stipulation on appeal the summons served upon Peters had the following notice on the face thereof: "To the person served: "You are hereby served in the within action or proceeding on behalf of Peters & Christopherson [*sic*], a Co-partnership (CCP 388). You are also served as an individual." (See Code Civ. Proc., § 410.) The complaint was never amended to name Peters as a party defendant. The body of the complaint makes no mention of Peters individually.

Neither Peters, nor Christoferson, nor Peters & Christoferson, appeared in the action, and on July 31, 1964, plaintiffs requested the clerk to enter the default "of the Defendants ROBERT E. PETERS and S. T. CHRISTOPHERSON [*sic*], served

herein as First Doe, individually and partners of PETERS & CHRISTOFERSON, and PETERS & CHRISTOPHERSON [*sic*], a co-partnership . . . ." After hearing, the judgment by default was entered on March 12, 1965, and it was therein adjudged that the several plaintiffs recover from "the defendants ROBERT E. PETERS and S. T. CHRISTOPHERSON [*sic*], individually and doing business as PETERS & CHRISTOFERSON, a co-partnership, jointly and severally," amounts totalling approximately $49,000.

There was no appeal from the judgment. However, on October 8, 1965, after an attempted examination of him as a judgment debtor, "ROBERT E. PETERS, as an individual" moved that the judgment be set aside as to him because "The judgment as to ROBERT E. PETERS as an individual is void on the face of the record, in that the record reveals that the Court had no jurisdiction to enter an in personam judgment against ROBERT E. PETERS as an individual."[1] On December 10, 1965, the court denied the motion and issued a memorandum of decision which stated: "The Motion to set aside Default is DENIED (*Calimpio* [*sic*] vs *Warden et al.* 100 Cal. App.2d 429 at 444)." Peters has appealed from the order denying his motion to set aside the default judgment.

Former section 388 of the Code of Civil Procedure[2] provided as follows: "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, *and the individual property of the party or parties served with process,* in the same manner as if all had been named defendants and had been sued upon their joint liability." (Italics added.)

The sole question in this case is whether former section 388 permits the rendition of a judgment binding the individual property of an alleged partner served with process in, but not made a party to, an action against the partnership wherein the latter is sued by its common name. The section itself is ambiguous on this point. On the one hand it provides that individual property of "the party or parties" served with process is bound by the judgment. On the other hand, it states

---

[1] Peters & Christoferson has made no motion to set aside the default.

[2] Section 388 was amended in 1967. The new section is set forth in footnote 7, *infra.*

that such individual property is to be bound "in the same manner as if all had been named defendants and had been sued upon their joint liability." Without pausing to consider the possible interpretations of this language, we proceed to consider the single California case whose result purports to resolve its manifest ambiguity.

In *Calimpco, Inc.* v. *Warden, supra,* 100 Cal.App.2d 429, joint venturers in the construction of houses sued materialmen to recover the statutory penalty for usury. The plaintiffs had entered into an agreement with the materialmen whereby the latter, in consideration of their release of mechanics' liens, were to receive portions of the proceeds from the sale or rental of certain properties held in trust, together with fee title to some of said properties upon termination of the agreement. Among the materialman-defendants in the suit were Warden Bros., a copartnership, and Mills & Hinz Tile Company, a copartnership. Apparently, judgments were entered against each of these partnership defendants; individual judgments were also entered against one Warden and one Mills.

It does not appear whether Warden was made a party to the lawsuit.[3] However, it does appear, or can be inferred from the language of the court, that in the answer filed either by him individually or by the partnership it was admitted that he was a member of the Warden Bros. partnership. The Court of Appeal held that the individual judgment against Warden was proper. Relying upon former sections of the Civil Code (now sections 15013 and 15015 of the Corporations Code) dealing with the joint and several liability of partners for partnership obligations, the Court of Appeal concluded: "In view of the sections and the admissions in the answer, the court had the right to award a joint and several judgment against both the partnership and the admitted partner." (100 Cal.App.2d at p. 444.)

As to Mills, the court stated: "The same situation applies to Mills, who was a member of the copartnership of Mills & Hinz Tile Company[4] Mills individually was not named as a party. However, the action against the partnership was in its common name and hence comes within the provisions of

---

[3]At one point in the opinion Warden is referred to as an "individual defendant." (100 Cal.App.2d at p. 444.) However, Mills, who was unquestionably a nonparty (see *infra*), was referred to by the same designation.

[4]The opinion does not reveal how this conclusion was reached.

section 388 of the Code of Civil Procedure. The return of service of summons, which we have had brought up from the trial court, shows that he was served. Therefore the judgment, pursuant to that section, is proper. '. . . the judgment in the action shall bind the joint property of all the associates, and the individual property of the party . . . served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability.' '' (100 Cal.App.2d at pp. 444-445.)

The *Calimpco* case relied on no prior authority in reaching the indicated conclusions. To our knowledge no reported case subsequent to *Calimpco* has relied upon it in support of the proposition underlying those conclusions, to wit, that former section 388 permitted the rendition of a judgment binding the individual property of an alleged partner served with process in, but not made a party to, an action against the partnership wherein the latter was sued by its common name.

We believe that this proposition is contrary to an elementary common law principle of jurisprudence; that section 388 of the Code of Civil Procedure, examined in the light of its legislative history, was never intended to abrogate that principle in suits against unincorporated business associations; and that the pertinent holding of *Calimpco* must be disapproved.

The elementary common law principle to which we have reference is that a judgment may not be entered either for or against one not a party to an action or proceeding. (See 49 C.J.S., Judgments, § 28, pp. 68-71; 30A Am.Jur., Judgments, § 73, p. 215.) The law of California is in agreement with this principle. "It is the general rule that a judgment may not be entered either for or against a person who is not a party to the proceeding, and any judgment which does so is void to that extent." (*In re Wren* (1957) 48 Cal.2d 159, 163 [308 P.2d 329]; see *Community Redevelopment Agency* v. *Superior Court* (1967) 248 Cal.App.2d 164, 176 [56 Cal.Rptr. 201]; *Wong* v. *Superior Court* (1966) 246 Cal.App.2d 541, 546 [54 Cal.Rptr. 782]; *Estate of Majtan* (1965) 237 Cal. App.2d 7, 21 [46 Cal.Rptr. 561]; *Hutchinson* v. *California Trust Co.* (1941) 43 Cal.App.2d 571, 575-576 [111 P.2d 401]; *Lloyd* v. *County of Los Angeles* (1940) 41 Cal.App.2d 808, 812 [107 P.2d 622]; *Samter* v. *Klopstock Realty Co.* (1939) 31 Cal.App.2d 532, 535 [88 P.2d 250]; *Overell* v. *Overell* (1937) 18 Cal.App.2d 499, 502 [64 P.2d 483]; see also 1

Witkin, Cal. Procedure (1959) Jurisdiction, § 136, pp. 398-399.)[5]

 The legislative history of section 388 manifests no indication that that section was intended to alter or abrogate this principle in the case of partnership defendants; on the contrary, it manifests a continuing legislative effort to permit efficient enforcement of claims against the joint property of partnerships while facilitating concurrent enforcement of claims against the individual property of partners joined as defendants.

At common law neither a partnership nor any other unincorporated association could be sued by its firm name. ''The basic reason was that the association was not, in the eyes of the law, a legal unit or entity, and it had no legal capacity to become a party to an action.'' (*Jardine* v. *Superior Court* (1931) 213 Cal. 301, 307 [2 P.2d 756, 79 A.L.R. 291]; see also 40 Am.Jur., Partnership, § 434, pp. 432-433.) An action brought upon a partnership obligation was considered like any other action upon a joint obligation, and all individual partners were necessary parties. (40 Am.Jur., Partnership, § 434, pp. 432-433.) Thus, as a general rule, failure to join, or dismissal of, a partner resulted in abatement of the action, at least insofar as it sought to bind the partnership estate rather than the individual estates of the partners joined. (See generally Annot. 44 A.L.R.2d 580; 40 Am.Jur., Partnership, § 434, pp. 432-433.)

It became apparent, however, that injustice resulted from the inability of persons having claims against a partnership to find the names of all constituent partners, and many jurisdictions enacted statutes which allowed suit upon partnership obligations to be brought in the firm name. (See 40 Am.Jur., Partnership, § 435, pp. 433-434, and cases there cited.) As a general rule the judgment in an action brought under such a statute bound only the partnership property and was not enforceable against the individual property of partners not joined as individual defendants and served with process as such. (See 40 Am.Jur., Partnership, § 447, pp. 442-443, and cases there cited.)

California first enacted such a statute in 1854 (see Stats. 1854, ch. 54, § 70, p. 72), and, with slight modifications as to

---

[5]Compare section 577 of the Code of Civil Procedure, which provides: ''A judgment is the final determination of the rights *of the parties* in an action or proceeding.'' (Italics added.)

language, it was carried into the codes of 1872 as section 388 of the Code of Civil Procedure, which provided: ''When two or more persons, associated in any business, transact ·such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants and had been sued upon their joint liability.''

In the early case of *Davidson* v. *Knox* (1885) 67 Cal. 143 [7 P. 413], we stated: ''In an action brought under this section [i.e., the 1872 version of section 388] it is not necessary to name all of the associates as defendants. In fact the association designated by its common name is the only defendant, and the judgment authorized is one binding only the joint property of the association.'' (67 Cal. at pp. 146-147; see also *John Bollman Co.* v. *S. Bachman & Co.* (1911) 16 Cal.App. 589 [117 P. 690, 122 P. 835].)

Apparently this language was thought susceptible of the construction that the individual property of partners could by no means be bound in an action brought under section 388, even if such partners were joined as defendants, and in 1907 the Legislature amended the section to produce the version now at issue by inserting the words ''and the individual property of the party or parties served with process'' after the word ''associates'' in the last clause of the 1872 version.[6]

Shortly after the enactment of the 1907 amendment this court made clear that the added language did not render individual partners ''parties'' to the suit unless they were so named. In *Artana* v. *San Jose Scavenger Co.* (1919) 181 Cal. 627 [185 P. 850], the scavenger company, a copartnership, was sued under section 388, and one of the partners interposed a demurrer to the complaint; the demurrer was sustained and the action dismissed. We reversed the judgment, holding that the partner was a stranger to the action and could not demur to the complaint. ''It [the demurrer] did not purport to be the demurrer of any party to the action, for the only party defendant was the San Jose Scavenger Company, a

---

[6]The notes of the Code Commissioner explain the purpose of the amendment as follows: ''The words 'and the individual property of the party or parties served with process' have been added, thus avoiding multiplicity of suits.'' (Davis, Index to the Laws of California, Code Commissioner's Notes on 1905 and 1907 Sessions, p. 1025.)

partnership, which, for the purposes of the statute (Code Civ. Proc., sec. 388) is regarded as a legal entity distinct from its members. Although, by virtue of the amendment of the section in 1907, the judgment in an action so brought binds not only the joint property of the associates, but also the individual property of the party or parties served with process, it is still true that the action contemplated by the section is one against the associates as such to enforce a claim existing against the association, and is not an action against the individual members of the association; that is, unless they are, as individuals, made parties thereto.'' (181 Cal. at p. 629; see also *Craig* v. *San Fernando Furniture Co.* (1928) 89 Cal.App. 167, 174-176 [264 P. 784].)

Eight years later this court had occasion to explain the principle of *Artana* (i.e. that partners not specifically joined were not parties in an action against the partnership) in terms of what property was to be bound by the judgment. In *Harbor City Canning Co.* v. *Dant* (1927) 201 Cal. 79 [255 P. 795], an action for breach of contract was brought against three named persons as surviving partners of a certain partnership *and* against the same three named persons individually. Judgment was rendered against the three as partners and individually, and they objected on appeal to the individual judgments. We upheld the judgments, stating in conclusion: ''. . . the rule is that if partners are joined with the partnership as defendants a judgment against them in their individual capacities is valid, based upon their statutory joint liability.'' (201 Cal. at p. 87.)

The foregoing clearly shows that the legislative history of section 388, together with expressions of this court throughout that history, resolves the ambiguity inherent in the 1907 version of that section in a manner wholly contrary to that undertaken in *Calimpco, Inc.* v. *Warden, supra,* 100 Cal.App.2d 429. We therefore disapprove that case insofar as it holds than an individual judgment may be rendered against a partner not joined as a defendant in an action against the partnership of which he is, or is alleged to be, a member.[7]

Plaintiffs contend that, regardless of the soundness of the result reached in *Calimpco,* they had a right to rely on the teaching of that case in the absence of any contrary expression by an appellate court. However, we think that the

---

[7]In 1967 the Legislature completely revised and recast former section 388 in such a manner that the ambiguity of the 1907 version was un-

foregoing discussion amply demonstrates that, at the time of the instant lawsuit, the validity of *Calimpco's* resolution of the ambiguity inherent in former section 388 was subject to doubt. Certainly, reliance upon that decision in the face of substantial authority indicating its inconsistency with established jurisprudential principles and with other expressions bearing upon the interpretation of section 388 could not be termed reasonable.

The order denying the motion of appellant Robert E. Peters to set aside the default judgment is reversed and the cause is remanded to the trial court with directions to vacate and set aside the default and the judgment by default insofar as each of them has been entered against appellant Robert E. Peters individually. Appellant shall recover his costs on appeal.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

---

questionably removed. The new section provides: "(a) Any partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name which it has assumed or by which it is known. (b) Any member of the partnership or other unincorporated association *may be joined as a party* in an action against the unincorporated association. *If service of process is made on such member as an individual,* whether or not he is also served as a person upon whom service is made on behalf of the unincorporated association, a judgment against him based on his personal liability may be obtained in the action, whether such liability be joint, joint and several, or several." (Italics added.)