[No. G021719. Fourth Dist., Div. Three. Oct. 24, 2000.]

PATRICK F. SHEEHY et al., Plaintiffs and Appellants, v. FRANCHISE TAX BOARD, Defendant and Respondent.

## COUNSEL

Ralph C. Larsen & Associates and Ralph C. Larsen for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, David S. Chaney and David J. Bornstein, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**RYLAARSDAM, J.**—Plaintiffs Patrick F. and Arlene Sheehy appeal from a judgment on the pleadings in favor of defendant Franchise Tax Board (Board) in an action alleging that the Board assessed usurious interest on unpaid taxes. Because the penalty assessment for late payment of taxes is neither an assessment to compensate the state for a loan nor for a forbearance, we affirm the judgment.

### FACTS

Plaintiffs claimed a deduction for an embezzlement and theft loss on their 1985 state income tax return. Six years later, defendant notified plaintiffs the deduction was disallowed, and subsequently informed plaintiffs they owed $7,074 in additional taxes. Defendant also assessed $5,717 in interest up to that date; the interest was computed at a rate of 10 percent compounded daily. Defendant ultimately collected the $7,074 in taxes and $10,179 in interest. Plaintiffs then sued defendant, alleging that the amount of interest charged on the unpaid taxes violated article XV, section 1 of the California Constitution, which limits interest to 7 percent per year. The trial court granted defendant's motion for judgment on the pleadings.

### DISCUSSION

■ The Legislature authorizes defendant to assess interest on unpaid taxes (Rev. & Tax. Code, § 19104, subd. (a)), in an amount to be determined in accordance with the Internal Revenue Code (Rev. & Tax. Code, § 19521, subd. (a)). During the relevant period, this interest rate was 10 percent, compounded daily (26 U.S.C.A § 6621). With exceptions not relevant here, the California Constitution limits the amount of interest which may be charged on any "loan or forbearance" to 7 percent per year. (Cal. Const., art. XV, § 1.)

■ In determining whether a particular transaction is usurious, courts look to its substance rather than to its form. The key question is whether the

transaction has as its true purpose the hire of money at an excessive interest rate. (*Boerner v. Colwell Co.* (1978) 21 Cal.3d 37, 44 [145 Cal.Rptr. 380, 577 P.2d 200].) The usury laws protect against the oppression of debtors through excessive rates of interest charged by lenders. (*Calimpco, Inc. v. Warden* (1950) 100 Cal.App.2d 429, 449 [224 P.2d 421], disapproved on another ground in *Fazzi v. Peters* (1968) 68 Cal.2d 590, 591 [68 Cal.Rptr. 170, 440 P.2d 242].)

For a transaction to be usurious, (1) it must constitute a loan or forbearance, (2) the interest charged must exceed the authorized maximum, and (3) the lender must have a willful intent to enter into the transaction at the set interest rate. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 798 [35 Cal.Rptr.2d 418, 883 P.2d 960].) "A loan of money is a contract by which one delivers a sum of money to another, and the latter agrees to return at a future time a sum equivalent to that which he borrowed." (Civ. Code, § 1912.) A forbearance is "an agreement to extend the time for payment of the obligation due either before or after the obligation's due date." (*DCM Partners v. Smith* (1991) 228 Cal.App.3d 729, 735 [278 Cal.Rptr. 778], fn. and italics omitted.)

Plaintiffs cite *DCM* in support of their assertion that the delay in the Board's recovering the unpaid taxes is a forbearance. Their reliance is misplaced. In *DCM* the plaintiff purchased real property in a credit sale, which included a promissory note bearing interest at a legal rate. The seller agreed to extend the note at the increased rate of 15 percent. The court concluded the agreement to extend the debt constituted a forbearance. (*DCM Partners v. Smith, supra,* 228 Cal.App.3d at pp. 734-735.)

Here, defendant's delay in informing plaintiffs of the amount due is not a forbearance. First, the interest assessment does not violate the purpose of the usury laws. Interest is assessed on delinquent taxes, not to take advantage of the taxpayer, but to recover the loss of use of the tax money due. (See *Dianchenko v. State of California* (1981) 123 Cal.App.3d 932, 937 [177 Cal.Rptr 164] [interest on delinquent inheritance taxes serves legitimate governmental purpose to avoid prejudice resulting from loss of use of tax].) Furthermore, examining "the substance of the transaction and not the form," the true purpose of assessing interest on delinquent taxes over and above that allowed by California Constitution, article XV, section 1 is not "the hire of money at an excessive rate of interest," but is a penalty assessment.

Second, the instant action is distinguishable from forbearance cases. A loan and forbearance have been described as "two sides of the same coin." (*Southwestern Concrete Products v. Gosh Construction Corp.* (1990) 51

Cal.3d 701, 710 [274 Cal.Rptr. 404, 798 P.2d 1247] (conc. & dis. opn. of Mosk, J.).) As contemplated by California Constitution, article XV, section 1, forbearance implies an agreement to postpone payment of a debt arising out of a loan.. A forbearance occurs when the creditor, in exchange for consideration, agrees to wait for a period of time to collect the debt. A forbearance may also occur in credit sale transactions, where the original note is modified to extend the period of payment. (*DCM Partners v. Smith, supra,* 228 Cal.App.3d at p. 735.) Thus, loans and forbearances are inextricably linked.

In the instant action, only one of the elements of usury is present. The rate charged exceeds the constitutionally prescribed maximum. However, there is neither a loan nor a forbearance. Here the debt arose from a failure to pay taxes. The constitutional prohibition against charging usurious interest does not apply.

## DISPOSITION

The judgment is affirmed. Defendant shall recover its costs on appeal.

Sills, P. J., and O'Leary, J., concurred.

A petition for a rehearing was denied November 15, 2000, and appellants' petition for review by the Supreme Court was denied January 10, 2001.