Filed 8/19/15  Raicevic v. Geraci CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| VLADIMIR RAICEVIC et al., | D065629 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. GIC881930) |
| ALAN L. GERACI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Reversed and remanded for further proceedings.

Care Law Group, Alan L. Geraci; Kirby Noonan Lance & Hoge and Charles T. Hoge for Defendant and Appellant.

Law Offices of Jerry D. Cluff and Jerry D. Cluff for Plaintiffs and Respondents.

Defendant Alan L. Geraci appeals an amended judgment entered after the trial court granted plaintiffs' (Vladimir Raicevic and Imelda Raicevic, individually and as trustees of their respective family trusts (together the Raicevics)) motion to add him as a judgment debtor in their successful fraud action against defendants Stephen F. Lopez and

the law firm of Geraci & Lopez, a general partnership (Partnership). On appeal, Geraci contends: (1) the trial court abused its discretion under Code of Civil Procedure[1] section 187 by adding him as a judgment debtor because it misconstrued applicable law (e.g., that a general partner cannot be held liable for a partnership's judgment debt unless named as a defendant in the complaint); (2) he was denied due process of law; and (3) the court erred by inadequately considering his objections to the Raicevics' evidence.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2007, the Raicevics filed the instant action against Lopez, the Partnership, and other defendants alleging causes of action for intentional and negligent misrepresentations they allegedly made in 2004. After the trial court granted a motion for summary judgment in favor of Lopez and the Partnership, we reversed the summary judgment in a prior appeal (*Andjelka Raicevic, Individually and as Trustee, etc. et al. v. Stephen F. Lopez et al.* (Aug. 18, 2010, D055002) [nonpub. opn.] (*Raicevic I*)). On remand, following trial, the jury returned special verdicts finding Lopez and the Partnership liable for intentional and negligent misrepresentation and awarding the Raicevics $588,000 in compensatory damages. In November 2011, the trial court entered judgment in favor of the Raicevics. In *Raicevic II*, we reversed the trial court's award of

---

[1]    All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2]    For a more detailed description of the factual and procedural background of the Raicevics' action against Lopez and the Partnership, refer to our opinion in *Vladimir Raicevic, Individually and as Trustee, etc., et al. v. Stephen F. Lopez et al.* (Jan. 23, 2015, D061253) [nonpub. opn.] (*Raicevic II*).

2

attorney fees to the Raicevics, but affirmed the judgment against Lopez and the Partnership in all other respects.

In July 2013, the Raicevics filed a motion to amend the judgment to add Geraci as a judgment debtor. They argued that section 187 authorized the trial court to amend the judgment to add Geraci as an additional judgment debtor on grounds of alter ego liability, successor entity liability, and Corporations Code section 16807 liability. Geraci opposed the motion, arguing that: (1) neither he nor his professional corporation, as a general partner of the Partnership, could be held liable for the Partnership's judgment debt unless named as a defendant in the complaint; (2) he could not be added as a judgment debtor under Corporations Code section 16807; and (3) the Raicevics had not submitted any evidence showing he was the alter ego of his professional corporation (or of the Partnership). After hearing arguments of counsel, the trial court granted the Raicevics' motion and entered an amended judgment adding Geraci as a judgment debtor. Geraci filed a notice of appeal.

On September 2, 2014, Geraci filed a request for judicial notice of or, in the alternative, to augment the record with, certain exhibits. We previously granted his motion in part and augmented the record with Exhibit 1 to his motion. We now grant his request to take judicial notice of our prior opinion in *Raicevic I* (exh. 2 to his motion), but deny his request to augment the record with, or take judicial notice of, the remaining exhibits (i.e., exhs. 3-6 to his motion).

3

On June 12, 2015, the Raicevics filed a request to further augment the record with the second amended judgment in this case (i.e., an amended judgment after trial by jury and after decision on appeal), which the trial court entered on June 11, 2015, following our opinion in *Raicevic II*. We now grant their request to further augment the record with that second amended judgment.

DISCUSSION

I

*Standards of Review*

A trial court's decision to amend a judgment to add a judgment debtor is reviewed on appeal for abuse of discretion. (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2012) 212 Cal.App.4th 1181, 1189 (*Carolina Casualty*).) We also review a trial court's evidentiary rulings for abuse of discretion. (*Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1317.) It is an abuse of discretion for a trial court to fail to exercise discretion vested in it. (*Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 392.)

We review a trial court's factual findings for substantial evidence to support them. (*Carolina Casualty*, *supra*, 212 Cal.App.4th at p. 1189.) We review de novo, or independently, questions of law, including whether a party has been denied procedural due process. (*Nasha v. City of Los Angeles* (2004) 125 Cal.App.4th 470, 482; *Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1169-1170.) Furthermore, "[t]he question of whether a trial court applied the correct legal standard to an issue in

4

exercising its discretion is a question of law [citation] requiring de novo review [citation]." (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.)

II

*Section 187 and Amendments to Judgments Generally*

"Under section 187, the trial court is authorized to amend a judgment to add additional judgment debtors. [Citations.] As a general rule, 'a court may amend its judgment at any time so that the judgment will properly designate the real defendants.' [Citations.] Judgments may be amended to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor. [Citations.] 'Amendment of a judgment to add an alter ego "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant. . . .' " (*Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal.App.4th 1551, 1554-1555, fn. omitted.) Section 187 provides:

> "Where jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

"The court may exercise its authority [under section 187] to impose liability upon an alter ego who had control of the litigation, and was therefore represented in it. [Citation.] The addition of a new party as judgment debtor stems from the concept of the alter ego

5

doctrine, which is that an identity exists between the new party and the original party, whose participation in the trial leading to the judgment represented the newly added party." (*Misik v. D'Arco* (2011) 197 Cal.App.4th 1065, 1072.) "In addition, even if all the formal elements necessary to establish alter ego liability are not present, an unnamed party may be included as a judgment debtor if 'the equities overwhelmingly favor' the amendment and it is necessary to prevent an injustice." (*Carolina Casualty*, *supra*, 212 Cal.App.4th at pp. 1188-1189.)

"In order to see that justice is done, great liberality is encouraged in the allowance of amendments brought pursuant to . . . section 187." (*Misik v. D'Arco*, *supra*, 197 Cal.App.4th at p. 1073.) Accordingly, "[t]he trial court's decision to amend a judgment to add a judgment debtor is reviewed for abuse of discretion." (*Carolina Casualty*, *supra*, 212 Cal.App.4th at p. 1189.)

## III

### *Legal Standard Applied by the Trial Court*

Geraci contends the trial court abused its discretion under section 187 by amending the judgment to add him as a judgment debtor because it misconstrued applicable law (e.g., that a general partner cannot be held liable for a partnership's judgment debt unless named as a defendant in the complaint). Geraci was not named as a defendant in the Raicevics' complaint. In support of his argument, he cites *Fazzi v. Peters* (1968) 68 Cal.2d 590 (*Fazzi*).

In moving for an amendment of the judgment to add Geraci as a judgment debtor, the Raicevics argued that section 187 authorized the trial court to amend the judgment to add him as an additional judgment debtor on grounds of alter ego liability, successor entity liability, and Corporations Code section 16807 liability. Geraci disagreed and argued the court could not add him as a judgment debtor because, citing *Fazzi*, neither he nor his professional corporation was named as a defendant in the action. The trial court granted the motion to add Geraci as a judgment debtor, stating:

> "Geraci clearly participated in and controlled the litigation. The court agrees with the [Raicevics] that *Carolina Casualty* controls here, and this court is duty bound to follow it unless and until another rule is announced by higher courts. *Auto Equity Sales*[*, Inc.*] *v. Superior Court* [(1962) 57 Cal.2d 450, 455].

> "[The Raicevics] offer substantial evidence, not refuted by Geraci, that efforts are being made to shift assets among entities for purposes of evading the [P]artnership's judgment debt. The very recent [*Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096] case and the [*Phillips, Spallas & Angstadt, LLP v. Fotouhi* (2011) 197 Cal.App.4th 1132] case from 2011 discussed in the moving papers make clear the policy of the courts that this sort of 'merry chase' conduct not be countenanced."

The court entered an amended judgment adding Geraci as a judgment debtor.

Geraci argues the trial court misconstrued applicable law by not following *Fazzi*'s holding that a general partner of a partnership cannot be held liable under a judgment against the partnership unless that partner was named as a defendant in the action. In *Fazzi*, the California Supreme Court "simply reaffirm[ed] the seemingly self-evident

proposition that a judgment in personam may not be entered against one not a party to the action." (*Fazzi*, *supra*, 68 Cal.2d at p. 591.) The court cited the legislative history of former Code of Civil Procedure section 388[3] that "manifest[ed] a continuing legislative effort to permit efficient enforcement of claims against the joint property of partnerships while facilitating concurrent enforcement of claims against the individual property of partners joined as defendants." (*Fazzi,* at p. 595.) It cited the general rule that "the judgment in an action [against a partnership] brought under such a statute bound only the partnership property and was not enforceable against the individual property of partners not joined as individual defendants and served with process as such." (*Ibid*.) *Fazzi* reversed a default judgment against a partner who had not been named as a defendant in the action against the partnership. (*Id*. at p. 598.)

Although we agree with the general proposition under *Fazzi* that a partner is not personally liable under a judgment in an action against a partnership unless that partner was individually named as a defendant in the action, *Fazzi*'s facts did *not* involve a motion to amend the judgment to add a judgment debtor under section 187. Because

---

3       Former Code of Civil Procedure section 388 then stated: "When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability." (*Fazzi*, *supra*, 68 Cal.2d at p. 592, italics omitted.) That section has been replaced by section 369.5. (Cal. Law Revision Com. com., 14 West's Ann. Corp. Code (2004 ed.) foll. § 369.5, p. 43.)

*Fazzi* did not involve facts relating to, or otherwise address the question of, whether section 187 allows an amendment of a judgment against a partnership to add a partner as a judgment debtor, *Fazzi* does not stand for the proposition that Geraci now claims, which is that a partner can never be added as a judgment debtor under section 187 unless that partner was named as a defendant in the action.  "Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered."  (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2.)  Furthermore, "[a]n appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' "  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620; see also *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1157.)  Accordingly, we are not persuaded by Geraci's assertions that a partner cannot, as a matter of law, be added as a judgment debtor by amendment of the judgment under section 187, and the trial court misconstrued that principle of law in applying section 187 to add him as a judgment debtor.

C

Despite our rejection of Geraci's specific assertion above, we nevertheless agree with his general assertions that the trial court appeared to misconstrue applicable law and did not exercise its discretion under section 187.  In its order granting the Raicevics' section 187 motion, the court stated: "*Carolina Casualty* controls here, and this court is duty bound to follow it unless and until another rule is announced by higher courts. "  In

9

so doing, the court appeared to express its belief it had no discretion under section 187 to make a decision different from that set forth in *Carolina Casualty*. In *Carolina Casualty*, a judgment was entered against a law firm that was organized as a limited liability partnership (LLP). (*Carolina Casualty*, *supra*, 212 Cal.App.4th at pp. 1183, 1186.) However, the LLP subsequently refused to satisfy the judgment, asserting it had ceased operations three years before the judgment was entered and had no assets. (*Id*. at pp. 1186-1187.) The judgment creditor then moved to amend the judgment to add the LLP's sole equity partner, Leonard M. Ross, and other entities as judgment debtors on the ground they were the real defendants and real parties in interest. (*Id*. at pp. 1187, 1192.) The trial court granted the motion to add Ross as a judgment debtor, finding he had actively participated in and controlled the litigation and amending the judgment was equitably justified to specify the true identity of the culpable party. (*Id*. at pp. 1187-1188.) The trial court found Ross had directed the litigation, permitted the suit to advance against a nonentity with no funds (i.e., the LLP), and encouraged dispositive cross-motions for summary judgment. (*Id*. at p. 1188.)

On appeal, *Carolina Casualty* concluded the trial court properly exercised its section 187 discretion to add Ross as a judgment debtor based on its findings the LLP had been dissolved and ceased to exist prior to the litigation and Ross had actively participated in and controlled the litigation against the LLP, knowing it was a dissolved, inactive entity with no funds. (*Carolina Casualty, supra,* 212 Cal.App.4th at pp. 1193-1194.) It was only after the judgment was entered against the LLP that Ross disclosed it

10

had been dissolved before the litigation.  (*Id.* at pp. 1187, 1194.)  *Carolina Casualty* therefore affirmed the amended judgment adding Ross, the equity partner, as a judgment debtor.  (*Id.* at p. 1198.)

By stating it was bound to follow *Carolina Casualty*'s holding and, based on that holding, granting the Raicevics' motion to add Geraci as a judgment debtor, the trial court in this case presumably did not exercise its discretion under section 187 and simply made the same decision the trial court did in *Carolina Casualty* (i.e., it granted the motion to add a partner as a judgment debtor).  In so doing, it misconstrued applicable law and did not exercise its discretion to decide the section 187 motion based on the particular facts and circumstances in this case.  "[A] ruling otherwise within the trial court's power will nonetheless be set aside where it appears from the record that in issuing the ruling the court failed to exercise the discretion vested in it by law."  (*People v. Penoli* (1996) 46 Cal.App.4th 298, 302.)  "Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal."  (*Id.* at p. 306.)

Alternatively, assuming arguendo the trial court exercised its discretion by adding Geraci as a judgment debtor, it nevertheless appeared to misconstrue applicable law.  When a trial court's exercise of discretion is based on an erroneous understanding of the law, the judgment must be reversed and the matter remanded for an informed determination.  (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.)  Based on the record in this case, it appears the trial court not only did not understand it had discretion under

11

section 187 and was not compelled to make the same decision as in *Carolina Casualty*, but it also cited factors showing it misunderstood applicable law in amending a judgment to add a judgment debtor under section 187. The court cited Geraci's participation and control of the litigation.[4] That factor, in and of itself, is an insufficient basis on which to amend a judgment to add a judgment debtor as an alter ego of an original judgment debtor. Rather, that factor must be considered with all of the other circumstances in a case. In determining whether a person is the alter ego of an entity, a court must consider all of the circumstances and no single factor is determinative. (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 811-812; *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 512-513.)

The record shows the trial court in this case apparently did not consider all of the circumstances in implicitly finding Geraci was the alter ego of the Partnership and amending the judgment to add him as a judgment debtor. Therefore, we must reverse the amended judgment and remand the matter for an informed exercise of the trial court's discretion under section 187. (*People v. Downey*, *supra*, 82 Cal.App.4th at p. 912.) In exercising that discretion, the court shall consider all of the circumstances in this case, including any relevant factors listed in controlling case law. (See, e.g., *Zoran Corp. v.*

---

[4]    To the extent the trial court also cited evidence that assets were shifted among various entities to evade payment of the Partnership's judgment debt, it apparently did not rely on that factor in finding Geraci was the alter ego of the Partnership. Although the Raicevics argue the successor entity liability doctrine should apply to make Geraci liable as an additional judgment debtor (see, e.g., *Phillips, Spallas & Angstadt, LLP v. Fotouhi, supra,* 197 Cal.App.4th 1132), the record does not show the court relied on that doctrine in adding Geraci as an additional judgment debtor.

12

*Chen*, *supra*, 185 Cal.App.4th at pp. 811-812; *Misik v. D'Arco*, *supra*, 197 Cal.App.4th at p. 1073; *Greenspan v. LADT LLC, supra*, 191 Cal.App.4th at pp. 510-514; *Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc., supra,* 217 Cal.App.4th at pp. 1106-1110; *Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1341-1342; *Carr v. Barnabey's Hotel Corp.* (1994) 23 Cal.App.4th 14, 20-23; *Carolina Casualty*, *supra*, 212 Cal.App.4th at pp. 1188-1189 [finding equity partner of limited liability partnership liable as its alter ego].)[5]  On remand, the trial court should allow the parties to present evidence at an evidentiary hearing on the Raicevics' motion to amend the judgment and, in ruling on that motion, should make specific findings of fact and explain its reasoning in finding whether or not Geraci was, directly or indirectly (e.g., through his professional corporation), the alter ego of the Partnership and exercising its discretion under section 187 whether to amend the judgment to add him as a judgment debtor.

D

For purposes of providing guidance to the trial court on remand, we address the Raicevics' argument that the trial court can rely on Corporations Code section 16807 to amend a judgment against a partnership to add a partner as a judgment debtor.

---

[5]    Contrary to Geraci's assertion, although the alter ego doctrine is most commonly applied to hold shareholders liable as alter egos of corporations, he does not cite, nor are we aware of, any authority restricting the application of the alter ego doctrine to corporations and their shareholders.  We believe there is no logical reason to so restrict the application of that doctrine and conclude, as *Carolina Casualty* implicitly did, that a partner of a partnership may be held liable as the alter ego of the partnership.  (*Carolina Casualty*, *supra*, 212 Cal.App.4th at pp. 1192-1194.)

13

Corporations Code section 16807 deals with the winding up of a partnership's business, stating in relevant part:

> "(b)  Each partner is entitled to a settlement of all partnership accounts upon winding up the partnership business.  In settling accounts among the partners, the profits and losses that result from the liquidation of the partnership assets shall be credited and charged to the partners' accounts.  The partnership shall make a distribution to a partner in an amount equal to any excess of the credits over the charges in the partner's account.  Except for registered limited liability partnerships and foreign limited liability partnerships, *a partner shall contribute to the partnership an amount equal to any excess of the charges over the credits in the partner's account.*
>
> "(c)  *If a partner fails to contribute the full amount that the partner is obligated to contribute under subdivision (b), all of the other partners shall contribute, in the proportions in which those partners share partnership losses, the additional amount necessary to satisfy the partnership obligations for which they are liable under Section 16306.*  A partner or partner's legal representative may recover from the other partners any contributions the partner makes to the extent the amount contributed exceeds that partner's share of the partnership obligations for which the partner is personally liable under Section 16306."[6]  (Italics added.)

The Raicevics argue, without any supporting authority, that the trial court had discretion under section 187 to add Geraci as a judgment debtor by creating a procedure under Corporations Code section 16807 allowing judgment creditors to enforce a judgment against a partnership that has insufficient assets to pay the judgment by moving to amend the judgment to add partners as additional judgment debtors.  However, we conclude section 187 does not allow a trial court to create and employ such a new procedure to add

---

6  Corporations Code section 16306, subdivision (a), generally provides: "[A]ll partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law."

14

partners as judgment debtors in addition to the original partnership judgment debtor. Had the Legislature intended to allow judgment creditors to obtain amended judgments making partners liable in this manner, it would have expressly so provided in Corporations Code section 16807 or another statute. The Raicevics do not carry their burden on appeal to persuade us to reach a contrary conclusion.

IV

*Due Process of Law*

Geraci contends that he was denied due process of law when the trial court granted the Raicevics' motion to amend the judgment to add him as a judgment debtor. However, because we reverse the judgment and remand for further proceedings, we need not address, and do not decide, whether Geraci was denied due process of law. Nevertheless, if we had addressed that issue, it is likely we would have concluded Geraci received notice of, and an opportunity to be heard on, the Raicevics' motion and therefore was not denied due process of law.

V

*Geraci's Objections to Evidence*

Geraci also contends that in granting the Raicevics' motion to amend the judgment to add him as a judgment debtor, the trial court did not adequately consider his objections to the evidence they submitted in support of their motion. However, because we reverse the judgment and remand for further proceedings, we need not address, and do not decide, whether the court did not adequately consider his objections to that evidence.

15

DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.  The parties shall bear their own costs on appeal.


McDONALD, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.