**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SACRAMENTO E.D.M., INC.; DAN FOLK, | No. 17-16041 |
| Plaintiffs-Appellees, | D.C. No. 2:13-cv-00288-KJN |
| v. | MEMORANDUM[*] |
| HYNES AVIATION INDUSTRIES, INC., DBA Hynes Aviation Services; HYNES CHILDREN TF LIMITED; MICHAEL K. HYNES, | |
| Defendants-Appellants. | |

| | |
|---|---|
| SACRAMENTO E.D.M., INC.; DAN FOLK, | No. 17-16219 |
| Plaintiffs-Appellants, | D.C. No. 2:13-cv-00288-KJN |
| v. | |
| HYNES AVIATION INDUSTRIES, INC., DBA Hynes Aviation Services; HYNES CHILDREN TF LIMITED; MICHAEL K. HYNES, | |
| Defendants-Appellees. | |

Appeals from the United States District Court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Argued and Submitted October 9, 2018
San Francisco, California

Before: TASHIMA and MURGUIA, Circuit Judges, and HINKLE,[**] District Judge.

This case arises out of a complicated, multi-year business relationship between plaintiffs and defendants. Sacramento E.D.M., Inc. ("SacEDM"), a specialized manufacturing company, began to experience financial trouble. SacEDM's owner, Dan Folk, formed a relationship with Dr. Michael Hynes, an aviation and business expert. Initially, Hynes worked as a financial consultant for Folk and SacEDM. Shortly thereafter, the parties formed a company called "Oklahoma E.D.M." ("OK EDM") that existed solely to loan money to SacEDM for operating expenses and buy SacEDM's production. Through this joint venture, Hynes and his two companies, Hynes Aviation Industries, Inc. ("HAI") and Hynes Children TF Limited ("Hynes Children"), (1) loaned SacEDM money for operating expenses, (2) purchased SacEDM's operating equipment and leased it back to SacEDM, (3) purchased a bank-owned judgment against SacEDM, and (4) purchased key man life insurance policies for both Hynes and Folk. These deals

_____

[**] The Honorable Robert L. Hinkle, United States District Judge for the Northern District of Florida, sitting by designation.

2

were designed to generate cash flow for SacEDM, helping it to continue operations. These deals also had tax benefits for the parties and generated interest for Hynes and his companies. Throughout this time, Hynes either directly acted as a financial consultant to Folk and SacEDM or was considered a fiduciary with regard to Folk and SacEDM by virtue of their partnership in OK EDM.

Despite the parties' efforts, after several years, SacEDM was still failing as a business. The relationship between Folk and Hynes soured, and the parties sued each other. SacEDM and Folk ("plaintiffs") sued Hynes and his companies in Sacramento Superior Court under a variety of state law tort and contract theories, including constructive fraud and breach of fiduciary duty. Hynes, HAI, and Hynes Children ("defendants") sued Folk and SacEDM in the Western District of Missouri for breach of the loan and lease agreements.

The two cases were consolidated in the Eastern District of California before Magistrate Judge Kendall J. Newman. Following a seven-day bench trial, the court issued its findings of fact and conclusions of law, resolving all claims and counterclaims. Both parties appealed.

We review the district court's findings of fact following a bench trial for clear error. *See Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015) (citation omitted). "This standard is significantly deferential, and [the reviewing court] will accept the lower court's findings of fact unless [it is] left with the

3

definite and firm conviction that a mistake has been committed." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004) (citation omitted).

We review "de novo whether the district court used the correct legal standard in computing damages." *United States v. Pend Oreille Cty. Pub. Util. Dist. No. 1*, 135 F.3d 602, 608 (9th Cir. 1998). We review the district court's computation of damages following a bench trial for clear error. *Lentini*, 370 F.3d at 843.

We have jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we affirm in part and reverse in part:

1.      "We review de novo the question of when a cause of action accrues and whether a claim is barred by the statute of limitations." *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir. 2006). However, where accrual turns on a question of fact or a mixed question of law and fact, such as what the plaintiff knew or what a reasonable person should have known, we review for clear error. *Id.* at 1135; *see also Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) ("When the accrual of the statute of limitations in part turns on what a reasonable person should have known, we review this mixed question of law and fact for clear error.") (citation and internal quotation marks omitted). Under this standard, we conclude that the district court did not err in finding that plaintiffs' claims for constructive fraud and breach of fiduciary duty

4

were not barred by the statute of limitations. We affirm the district court's conclusion that a continuing violation exists, and therefore plaintiffs' claims are timely under §§ 338 and 343 of the California Code of Civil Procedure.

2. We affirm in part and reverse in part the district court's findings and conclusions regarding the equipment leases. We affirm the district court's findings that provisions of the leases—namely the interest rate and the lease periods—worked to the detriment of SacEDM and the benefit of defendants, giving rise to a breach of Hynes's fiduciary duty and constructive fraud. We affirm the district court's finding that Hynes misrepresented the interest rate and duration of the equipment leases. Moreover, the district court did not err in finding the equipment leases were unconscionable. However, HAI was a lessor; it was not a lessee, and therefore the lease's no-assignment clause was not at issue. For this reason, we affirm in part and reverse in part the district court's findings with regard to the equipment leases. We remand with instructions that the district court find that HAI was a lessor, and determine damages accordingly.

3. The district court did not err in denying attorneys' fees under the equipment leases. *Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013). The leases did not contain a general attorneys' fees provision; rather, the leases contained three references to attorneys' fees that are not applicable here. *DocMagic, Inc. v. Mortg. P'ship of Am.*, 729 F.3d 808, 812 (8th Cir. 2013) (stating

5

that Missouri law requires courts to enforce binding attorneys fees provisions if a contract so provides).

4.      The district court did not err in concluding that Hynes breached his fiduciary duty with regard to the US Banc Judgment; however, the court erred in calculating damages. First, the district court thoroughly considered the evidence regarding how Folk and SacEDM came to be responsible for paying the US Banc Judgment. We find no clear error with the district court's factual findings: specifically, Hynes purchased the US Banc Judgment for $50,000 and then induced Folk and SacEDM to repay the full amount of the judgment rather than the purchase price. *Lentini*, 370 F.3d at 843. However, the court should have awarded $223,000 rather than $251,000 based on the evidence presented regarding Joint Exhibit 84. Therefore, we reverse and remand with instructions for the court to award $223,000 with regard to the US Bank Judgment. *Id.*

5.      We affirm the district court's conclusion that the OK EDM business structure provided significant business advantages to SacEDM such that Hynes did not breach his fiduciary duties with regard to the creation of OK EDM or the associated operating loans. *Tribeca Cos., LLC v. First Am. Title Ins. Co.*, 192 Cal. Rptr. 3d 354, 375 (Cal. Ct. App. 2015). Plaintiffs are therefore required to pay the outstanding amount of principal and interest on the operating loans. We find that the interest calculated by the district court is not usurious because it is less than the

maximum interest rate allowed under California law. *See* Cal. Const. art. XV, §

1(2); *see also Sheehy v. Franchise Tax Bd.*, 100 Cal. Rptr. 2d 760, 762 (Cal. Ct.

App. 2000).

6.     The district court did not err in concluding that Folk was not jointly

liable for repayment of the operating loans and equipment leases.  First, the district

court did not clearly err in finding that HAI and SacEDM withdrew from their

business relationship via a signed writing, thereby removing Folk's liability under

a partnership theory.  *Filippo Indus., Inc. v. Sun Ins. Co. of N.Y.*, 88 Cal. Rptr. 2d

881 (Cal. App. 1999), *as modified* (Oct. 20, 1999) ("Whether a partnership or joint

venture exists is primarily a factual question to be determined by the trier of fact

from the evidence and inferences to be drawn therefrom.").  Second, we affirm the

district court's conclusion that SacEDM was not an alter ego of Folk. *Firstmark*

*Capital Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988).  Finally, we

affirm the district court's finding that SacEDM, not Folk, is liable under the

equipment leases.

7.     The district court did not clearly err in finding that Hynes may retain

his consulting fees. *See Lentini*, 370 F.3d at 843.

8.     We affirm the district court's decision ordering SacEDM to pay the

remaining balance on the key man life insurance policies.  The district court did

not clearly err in finding that the parties contracted for this arrangement.  *Id.*

Moreover, plaintiffs' forfeiture argument—that plaintiffs are ordered to pay for both the life insurance premiums and the outstanding balance of the operating loans—is not borne out by record.  As it stands now, proceeds from the life insurance policy might still be used to pay the balance of the operating loans.

**AFFIRM in part, REVERSE and REMAND in part.**  Each party shall bear its own costs.